UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN M. HEAD, )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>U.S. TREASURY DEPARTMENT, )<br>)<br>Defendant. ) | Civil Action No. 1:23-cv-01821 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* initiating submission, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application, and it will dismiss the case without prejudice for the reasons explained below.

Plaintiff, a resident of Las Vegas has filed suit against the U.S. Department of Treasury. First, plaintiff has filed an untitled initiating submission, not captioned for this court, which appears to be letter intended for the Clark County Nevada Office of Social Service. In essence, plaintiff has attempted to open a civil matter by without actually filing a complaint, which she may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]") (citing Fed. R. Civ. P. 3).

Insofar as plaintiff intended this submission as a complaint, it is nonetheless deficient. It fails to comply with Federal Rule 10(a)–(b) and D.C. Local Civil Rule 5.1(g). More, the allegations are quite difficult to follow. She largely takes issue with the determinations made by

the Clark County Nevada CARES Housing Assistance Program ("CHAP") to raise her rent, evict her, and deem her unqualified for its benefits, and she seeks to challenge those determinations. The Treasury Department bears no connection to these allegations, save for a broad unrelated aside regarding plaintiff's general discontent that "[s]eniors did not receive the $300.00 per week 'Federal' checks from the U.S. Treasury that millions received for 2+ years[,]" despite having awarded that benefit to other individuals, yet she does not state why she is personally qualified for or entitled to receive that benefit, or whether that benefit still are available.  She attempts to tie her allegations together by alleging a conspiracy by the federal government to, at least, take advantage of senior citizens, and at worst, cause them serious harm and death.

Generously construing plaintiff's submission as a complaint, as drafted, it fails to meet the minimal pleading standards of Federal Rule 8(a), which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the

requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant "complaint" falls squarely into this category. Neither the court nor the defendant can reasonably be expected to identify plaintiff's claims, and the plaintiff also fails to set forth allegations with respect to this court's subject matter jurisdiction over her entitlement to relief, if any.

For all of these reasons, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: 7/25/2023

TREVOR N. McFADDEN
United States District Judge